UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

IN RE: CHRISTIAN D. CHESSON      CIVIL ACTION NO. 5:18-MC-00032

CHIEF JUDGE HICKS

MAGISTRATE JUDGE PEREZ-MONTES

---

MEMORANDUM ORDER

This disciplinary matter arises from a complaint for sanctions filed by the United States Trustee (the "Trustee") against Christian D. Chesson ("Chesson") and Christian D. Chesson, APLC, in the United States Bankruptcy Court for the Western District of Louisiana. See Henry G. Hobbs, Jr., Office of the U.S. Trustee v. Christian D. Chesson & Christian D. Chesson, APLC, Docket No. 16-MP-00201. The Trustee alleged that, in at least 11 Chapter 13 bankruptcy proceedings pending before the Lake Charles Division between July 2014 and April 2016, Chesson and members of his staff impersonated Chapter 13 debtors during mandatory online credit counseling briefings, and subsequently filed false credit counseling verifications. According to the Trustee, Chesson's conduct rendered the actual debtors ineligible under the Bankruptcy Code, a fact fraudulently concealed from the Court.

The Trustee's complaint was assigned to United States Bankruptcy Judge Robert Summerhays[1] for disposition. Judge Summerhays held a trial on the merits

---

[1] Judge Summerhays has since been confirmed as a United States District Judge of the Western District of Louisiana.

on October 27 and October 30, 2017.  Both parties filed post-trial briefs.  On August 29, 2018, Judge Summerhays issued a Judgment (Doc. 1) with Reasons for Decision (Doc. 1-1), in favor of the Trustee.  Specifically, Judge Summerhays ordered that, under Local Rule 83.2.10, Chesson: (1) disgorge all fees and expenses identified in the Trustee's complaint; (2) pay a civil penalty of $5,000; (3) comply with a remediation plan approved by the Trustee, or, if the Trustee objected without resolution, ruled upon by the Court; (4) be suspended from practice before the United States Bankruptcy Court for the Western District of Louisiana for 90 days; and (5) be referred to the United States District Court for the Western District of Louisiana for further disciplinary action.

Chief Judge S. Maurice Hicks, Jr. referred this matter to the undersigned for report and recommendation (Doc. 2).  In accordance with Chief Judge Hicks's Order, as well as Local Rule 83.2.10;

IT IS ORDERED that, on or before **December 17, 2018**, Chesson shall file a brief in response to the Judgment (Doc. 1) and Referral Order (Doc. 2).  The brief shall comply with LR 7.8, and may reference attached exhibits.  The brief shall set forth proposed findings of fact, any pertinent legal authority, any suggested alternative sanctions, and any other information in mitigation of the sanctions recommended in the Judgment or other sanctions.

IT IS FURTHER ORDERED that, on **January 29, 2019 at 9:00 a.m.** in the Third Floor Courtroom of the United States Courthouse, 515 Murray Street, Alexandria, Louisiana, Chesson shall appear for an evidentiary hearing and show

cause why the sanctions recommended in the Judgment, or other sanctions, should not be imposed. During this hearing, counsel for Chesson may make any arguments, and Chesson may present any documentary and testimonial evidence, relevant to Chesson's position regarding the sanctions recommended in the Judgment or other sanctions.

IT IS FURTHER ORDERED that, on or before **January 22, 2019**, Chesson shall file into the record a list of all witnesses and exhibits he intends to offer at the evidentiary hearing. The witness list shall contain the name, address, and summarized anticipated testimony of each witness Chesson intends to call at the hearing. The exhibit list shall contain a description of each document or item of evidence Chesson intends to offer during the hearing. Actual documentary exhibits need not be filed into the record, but must be provided to the chambers of the undersigned by **January 22, 2019**. Any witness or exhibit not listed as instructed above will be excluded from the hearing.

IT IS FURTHER ORDERED THAT, on or before **January 22, 2019**, Chesson may, at his option, consent to all sanctions recommended in the Judgment by: (1) submitting to the chambers of the undersigned a written and signed consent to all sanctions recommended in the Judgment; (2) withdrawing from all cases pending in the Bankruptcy Court of the Western District of Louisiana, if he has not already done so; and (3) filing a Notice of Compliance into the record of this proceeding confirming his completion of the foregoing instructions. If Chesson consents to all sanctions recommended in the Judgment, the undersigned may pretermit the evidentiary

hearing, and may recommend that the sanctions recommended in the Judgment be imposed without additional proceedings.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __18th__ day of October, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge